## U. S. CIRCUIT COURT.

DWIGHT P. CRUIKSHANK agt. THE FOURTH NATIONAL BANK.

*Removal of cause —National bank —Actions against, removable to circuit court of the United States.*

Every action against a national bank is an "action arising under the laws of the United States," and as such is removable to the circuit court of the United States under section 2 of the removal act of 1875.

*Southern District of New York, June,* 1883.

THIS action was begun in the court of common pleas for the city and county of New York. In due course defendant filed a petition for removal to the circuit court with accompanying bond. The ground of removal was that the action arose under the laws of the United States for the reason that the defendant was incorporated under an act of congress, and that such act was, therefore, an ingredient in the cause. Plaintiff moved in the circuit court to remand, and the following opinion was rendered upon the motion:

*William Hildreth Field,* for motion.

*David J. H. Wilcox,* opposed.

Cruikshank agt. Fourth National Bank.

WALLACE J.— The right of the defendant as a corporation created by the laws of congress to remove a suit brought against it in a state court is clearly conferred by section 2 of the removal act of 1875, if such a suit is one arising under the laws of the United States. That section is very comprehensive, and among the new provisions which it introduces is that which authorizes the removal of suits to the circuit court, arising under the constitution and the laws of the United States, irrespective of the citizenship of the parties. If the suit is one of this character it is quite unnecessary to explore previous enactments in order to ascertain what rights of removal had been granted or withheld, because the language is clear and explicit, and the whole subject of removals was under consideration by congress. In conferring the right upon either party to remove a suit into the circuit court, " arising under the constitution or laws of the United States," the section employs the language of the constitution which defines the extent of the judicial power of the United States, and lodges it in the supreme court and such inferior courts as the congress may from time to time ordain and establish. The evident purpose of the section was to confer the right of removal upon litigants to the full measure of the constitutional grant of power. In the language of the court in *Taylor* agt. *Rockfeller* (18 *Am. Law Reg.* [*N. S.*], 298), it seems to have been intended to confer on the circuit courts all the jurisdiction which, under the constitution, it was in the power of congress to bestow. What is meant by a case arising under the laws of the United States, as expressed in the constitution, has not been doubtful since the case of *Osborne* agt. *Bank of the United States* (9 *Wheat.*, 738). It was there declared that any suit in which a law of congress was of necessity an ingredient in the case was a case arising under a law of the United States, notwithstanding the main controversy might depend altogether on questions unconnected with any such law. Accordingly, it was determined that any suit brought by a corporation created by congress was one arising under

the laws of the United States, although the questions upon which its decision might depend were to be solved by the general principles of common law or equity, because the law of congress which created the corporation and bestowed upon it all the facilities and capacities which it possessed, was of necessity an ingredient in the case. In the language of chief justice MARSHALL, " every act of the bank arises out of this law." It was decided by this court in *Union Pacific Railroad Company* agt. *McComb* (1 *Fed. Rep.*, 796), that a suit by a corporation created by act of congress is a suit arising under the laws of the United States, within the meaning of section 2 of the Removal act of 1875. A suit brought against such a corporation must fall within the same category. Every act of such a corporation derives its legal complexion and attributes from the law which creates it and endows it with the faculty of acquiring rights and committing wrongs. A suit cannot be even maintained against it without invoking the law of congress. The cases of *Pettilon* agt. *Nobies* (7 *Biss.*, 44) and *Wilder* agt. *Union National Bank* (12 *Chicago Legal News*, 84), holding that a national bank association cannot remove a suit brought against it in a state court, notwithstanding the section in question, have not been overlooked. Great respect is due to those judgments, but it is believed that they are not a correct exposition of the section.

The motion to remand is denied.